## BAER v MARAN

Ohio Appeals, 6th Dist, Lucas Co

No 2146. Decided Feb 4, 1929

Deeds & Cole, Toledo, for Baer.

C A Thatcher and John Q Adams, both of Toledo, for Maran.

Judges SHIELDS, HOUCK & LEMERT of the 5th Dist sitting

LEMMERT, J.

The principal contention made by counsel in argument of this case is in the charge of the court to the jury, particularly on the matter of contributory negligence, and, further, complaint is made of the failure of the court below to state the issues fully. We note in this case that certain ordinances were pleaded by both the plaintiff and the defendant, on which both parties relied, as forming the basis of negligence. The court, in its charge to the jury, as noted on page 119, referred to the degree of care required by the parties and further stated the matters and things that must be taken into consideration by persons operating an automobile. It is contended on the part of the plaintiff in error that the court erred in stating to the jury the degree of care that a person under circumstances as shown in this case ought to exercise. It is well known, by numerous decisions in our jurisdiction, that the degree of care to be used under such circumstances is that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances.

We have given considerable time and thought to the charge of the court in this case and feel that the court fully charged upon the matter of burden of proof and the preponderance of the evidence. The court, on page 119 of the record, charged the jury as follows:

"In the use of the public highways a person is required to observe the rules and regulations relating to the use of the highway, and ordinary care in the control of such motor vehicle to avoid collision with other property on the public highway at the same time. The care required in this case is such care as a person would observe in the driving and controlling of a motor vehicle. The measure of care contemplates taking into consideration the rules of the public highway, the nature and character of the machine, its ordinary use and ordinary manner of driving, and control of it, so as to avoid collision with other vehicles or property on the highway at the same time."

It will be noted from the above charge that the court does state to jury, in commenting upon the rules and regulations relating to the use of the highway, that ordinary care is the control of such motor vehicle to avoid collision with other property on the public highway at the same time.

A further examination of this charge discloses the fact that the court below defined to the jury negligence, contributory negligence, and where the burden rested' for the proving of the same. It is true that if one takes the charge of the court to the jury in this case and picks out certain paragraphs, the language used might not be as clear as could have been used, but we believe that a fair construction of the whole charge will show that the court did, in substance, tell the jury that the burden of proof in this case was upon the plaintiff to show by a preponderance of the evidence the negligence of the defendant. We do not feel that it is the policy of the law in such cases to split hairs where, as in the case at bar, the evidence clearly shows negligence on the part of the defendant, and the finding and judgment assessed against the defendant by the jury was in a very moderate sum.

There being no other errors complained of in this case, we are of the unanimous opinion that the verdict of the jury in this case was right and that there is no prejudicial error in the charge of the court below. Therefore, it follows that the finding and judgment in this case will be affirmed.

Shields and Houck, JJ, concur.